IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL L. WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-12-687 |
| WARDEN | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM OPINION**

The above-captioned civil rights complaint was opened upon receipt of correspondence from Plaintiff seeking to initiate a law suit against the persons who testified against him in his criminal trial, the attorneys involved in the trial, and the judge. ECF No. 1. Plaintiff claims the witnesses against him lied because he was incarcerated at the time of the alleged offense. He also claims the attorneys and the judge knew he was innocent but did nothing to prevent his incarceration and did not respond when he asked for assistance. *Id.*

Plaintiff previously filed a Petition for Writ of Habeas Corpus in this court which was dismissed because (1) the criminal conviction did not originate in Maryland, and (2) Plaintiff is incarcerated in New Jersey. *See Williams v. Warden*, Civ. Action RDB-09-2925 (D. Md.), *see also* ECF No. 1 at p. 5. The current self-represented pleading does not seek any specific relief, but was construed as a civil rights complaint. Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant case must be dismissed under this standard.

Plaintiff seeks to hold liable parties who are immune from liability. Judges and prosecuting attorneys enjoy absolute immunity for decisions made in their official capacities. *See Forrester v. White*, 484 U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous

decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."); *see also Burns v. Reed*, 500 U.S. 478 (1991) (prosecutorial actions closely associated with judicial process are protected by absolute immunity).   To the extent Plaintiff is seeking to sue his defense attorneys for constitutional rights violations, their actions do not qualify as state action. Attorneys appointed by the state or privately hired do not act under color of state law within the meaning of 42 U.S.C. §1983.  *See Polk County v. Dodson*, 454 U.S. 312, 324—25 (1981) (public defenders);  *Deas v. Potts*, 547 F. 2d 800 (4th Cir. 1976) (privately retained attorney).  Plaintiff's claim as to the witnesses who testified against him is also barred.  *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).  Plaintiff may not use a civil suit for damages as a means to challenge the validity of his criminal conviction.  Thus, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."    For the reasons stated, this case will be dismissed by separate order.

<u>March 6, 2012</u>                                                   /s/_____
Date                                                                             RICHARD D. BENNETT
                                                                                 UNITED STATES DISTRICT JUDGE